UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS PEREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　Defendants. | **CASE NO. 1:14-cv-01723-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 6.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7.) No other parties have appeared in the action.

Plaintiff's complaint is before the Court for screening.

**I.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at California State Prison – Corcoran ("CSP-COR"), where the acts giving rise to his complaint occurred. He names the following Defendants in their individual and official capacities: (1) Jeffrey Beard, Director of the California Department of Corrections and Rehabilitation, (2) Connie Gipson, CSP-COR Warden, (3) S. Wilson,

CSP-COR Materials and Stores Supervisor II, (4) D.M. Sing, Correctional Business Manager I, and (5) Rawland K. Swift, Chief Deputy Warden – Administration.

Plaintiff's allegations may be summarized essentially as follows:

Plaintiff is subject to an indefinite term in the Security Housing Unit ("SHU"). Plaintiff, other inmates, and prison staff know that a majority of the SHU buildings have leaking roofs. Plaintiff has been in the SHU at CSP-COR for 17 years. He has been in Facility 4B for ten years and has been housed in six of the eight buildings in 4B. All six buildings have leaking roofs. Staff routinely offers Plaintiff bars of soap to patch up cracks and holes each time it rains. The soap does not stop the leaks.

In heavy rain, Plaintiff has nowhere to put his mattress to keep it dry. During the rains, Plaintiff uses one of his two allowed towels to mop up rain water in his cell. Each morning after a rain, staff leaves the tier flooded, passes out bars of soap, and states that they have submitted a work order. Plaintiff must anticipate rain and move his property accordingly to avoid damage.

Prison officials and maintenance have been aware of these conditions since at least 2006.

In November 2005, Plaintiff was temporarily transferred out of CSP-COR. When he returned, he was placed in a holding cell awaiting housing. He discussed his future cell with the correctional officers. One of the officers stated that the cell they intended to place Plaintiff in, Cell #62 in Building 4 Right on Facility 4B, was "red flagged," meaning not to be used by inmates. Yet, Plaintiff was placed in that cell in February 2006. Upon entering the cell, Plaintiff noticed that the floor and both bunks were covered in dried dirt and sand. The roof had huge holes with missing caulking and chunks of dried up soap. There were water and soap stains along the back wall in streaks from the roof to the floor.

Sometime thereafter, Plaintiff woke to find his cell was flooding. He and the back of his bunk were being splashed with rain water. There was one inch of water on the floor and his bunk was flooded. Plaintiff asked the night officer to move him to another

cell. The officer stated, "Wow! You can't be in there, your cell is an indoor waterfall." A few minutes later, Plaintiff was moved next door to Cell #61. Cell #61 also was flooded but one bunk was 70% dry. Plaintiff remained in Cell #61 under these conditions for two years.

In June 2012, Plaintiff was moved to Cell #55 in Building 2 Left on Facility 4B. During the rainy season, rain water leaked into the cell from the back wall, dripped from the roof, and splashed Plaintiff, his property, and his mattress. Rain water filled both bunks on opposite sides of the cell and flooded the cell floor and the tier with dirty rain water mixed with insulation and other "crud and gunk."

Also in June 2012, Plaintiff and other inmates noticed that they were receiving old, thin, worn clothing. Plaintiff received the clothes two to three months after requesting them. This went on until December 2012, after which all clothing requests went unanswered. Plaintiff was forced to endure the entire winter with worn clothing with holes in it. Plaintiff filed an administrative appeal. In the first level response, Defendant Wilson told Plaintiff that the clothing was "serviceable." Defendant Wilson told Plaintiff that there previously had been no laundry supervisor for Plaintiff's facility, but that the new supervisor was instructed to grant Plaintiff's appeal in full. Plaintiff's appeal was, in fact, granted. Plaintiff nevertheless was dissatisfied with the response regarding procedures for laundry requests and distribution. Defendant Wilson disagreed with Plaintiff's further complaints. Plaintiff attempted to appeal the issue further, but was not permitted to do so because his first level appeal was purportedly granted in full.

On December 8, 2013, Plaintiff filed an administrative appeal regarding the leaking roof. He was interviewed by A. Gomez.[1] Gomez informed Plaintiff that several other buildings – but not Plaintiff's – had been repaired. Gomez stated that he did not receive funding to permanently repair Plaintiff's building but had made temporary fixes.

---

[1] Plaintiff identifies Gomez as a Defendant in the body of his complaint, but does not list him as a Defendant in the caption.

4

At the same time, prison officials and maintenance were doing other superficial work like painting.

Plaintiff alleges this conduct violated his Eighth and Fourteenth Amendment rights. He also alleges Defendants were negligent in failing to assign a laundry supervisor and that this failure violated the California Code of Regulations, the Department Operations Manual, and CSP-COR operating procedures. Lastly, he states this conducted violated "mandatory duties" under federal and state law.

He seeks declaratory relief and money damages.

## IV.   ANALYSIS

### A.   Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A person subjects another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has failed to link the named Defendants to any of his claims. He does not allege facts to show that any of the named Defendants knew of, but disregarded, risks associated with the leaking roof. Nor does he allege that any of the named Defendants were aware that Plaintiff was provided worn clothing, or aware of any risks associated with such clothing. Although Plaintiff discussed his laundry concerns with Defendant Wilson in the course of his administrative appeal, he alleges no facts to indicate that Defendant Wilson was aware of the laundry issues while they were ongoing but failed to act.

Plaintiff will be given leave to amend. If he chooses to do so, he must set forth facts explaining how each defendant personally participated in or directed the violation of his rights, or knew of the violations and failed to act. It is not enough for Plaintiff to simply allege that all of the Defendants knew of the violations. He must allege facts to support this contention.

### B.     Improper Joinder

Federal Rule of Civil Procedure 18(a) states: "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)); see also Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . .")

6

Plaintiff's claims regarding laundry and leaking roofs do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiff may not join these unrelated claims against different defendants in a single action.

Plaintiff will be given leave to amend. If he chooses to do so, he must decide which transaction or occurrence he wishes to pursue in this action.

### C. Statute of Limitations

Plaintiff complains of leaking roofs at CSP-COR for over a decade.

No statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir 2004); Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldonado v Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. Olsen v. Idaho State Bd. Of Med., 363 F.3d 916, 926 (9th Cir. 2004); Lukovsky v. City of San Francisco, 535 F.3d 1044, 1050-51.

However, state law may toll the running of the statute of limitations on cases arising in that state and filed in Federal court. Hardin v. Straub, 490 U.S. 536, 543 (1989). Federal courts apply a forum state's law regarding tolling when not inconsistent with federal law. Id. at 537-39. California Code of Civil Procedure Section 352.1 tolls the running of California's statute of limitations for two years while the Plaintiff is imprisoned for a term less than life in prison. Under this tolling provision, Plaintiff had a maximum of four years from the date his claims accrued to file suit, unless that period was extended by equitable tolling.

Under California law, equitable tolling applies where "an injured person has several legal remedies and, reasonably and in good faith, pursues one." Elkins v. Derby, 525 P.2d 81, 84 (Cal. 1974). Thus, it may apply where one action "stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action,

7

1 embarked upon in good faith, is found to be defective for some reason." McDonald v.
2 Antelope Valley Cmty. Coll. Dist., 194 P.3d 1026, 1032 (Cal. 2008). Equitable tolling is
3 available where there is timely notice, lack of prejudice to the defendant, and
4 reasonable, good faith conduct on the part of Plaintiff. Id. However, equitable tolling
5 generally does not apply where Plaintiff pursues successive claims in the same forum.
6 Martell v. Antelope Valley Hosp. Med. Ctr., 79 Cal. Rptr. 2d 329, 334 (Cal. Ct. App.
7 1998).

8 Plaintiff initiated this action on November 3, 2014. He has not alleged any facts to
9 indicate equitable tolling applies. Accordingly, under the statute of limitations, any claims
10 that accrued prior to November 2010 are time-barred.

11 Plaintiff complains generally of leaking roofs going back a decade, but also
12 complains of more specific instances in 2006 and 2012. Plaintiff is advised that he may
13 not pursue claims predating November 2010 unless he also alleges facts to support
14 equitable tolling.

### D. Eighth Amendment

16 The Eighth Amendment's prohibition against cruel and unusual punishment
17 protects prisoners from inhumane methods of punishment and inhumane conditions of
18 confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations
19 omitted). "[A] prison official may be held liable under the Eighth Amendment for denying
20 humane conditions of confinement only if he knows that inmates face a substantial risk
21 of serious harm and disregards that risk by failing to take reasonable measures to abate
22 it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

23 A conditions of confinement claim has both an objective and a subjective
24 component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . .
25 sufficiently serious," and must "result in the denial of the minimal civilized measure of
26 life's necessities." Id. (internal quotation marks and citations omitted) "[E]xtreme
27 deprivations are required to make out a conditions-of-confinement claim." Hudson v.
28 McMillian, 503 U.S. 1, 9 (1992).

Second, the prison official must have acted with "deliberate indifference" to inmate health or safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must show that a defendant knew of, but disregarded, an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

As stated above, Plaintiff has failed to link any of the named Defendants to his claims. Accordingly, he has failed to establish that any named Defendant knew of, but disregarded a risk to Plaintiff's health or safety arising from the leaking roof or worn clothing. He has failed to meet the subjective prong for a conditions of confinement claim.

Plaintiff's allegations regarding the leaking roof also are insufficient to show deliberate indifference. Plaintiff has not alleged sufficient facts for the Court to determine whether the conditions caused by the leaking roof were sufficiently serious to constitute an Eighth Amendment violation. Although Plaintiff contends that he was subjected to these conditions during the rainy seasons for over a decade, it is unclear whether Plaintiff's exposure to these conditions at any given time was prolonged or merely infrequent. Further, the facts alleged do not explain what, if any harm to Plaintiff's health or safety was presented by the leaking roof. Although prison officials must provide prisoners with shelter, Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), prisons need not be comfortable, Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Unless the leaking roof endangered Plaintiff's health or safety, it cannot support an Eighth Amendment claim.

Similarly, Plaintiff's allegations regarding worn clothing do not state an Eighth Amendment claim. Plaintiff alleges he was forced to endure the winter in worn clothing with holes, but does not explain how or why this clothing presented a risk to his health or safety.

9

If Plaintiff chooses to amend, he must allege facts to show an objectively serious risk to his health or safety, and must show that the named Defendants knew of, but disregarded this risk.

### E. Fourteenth Amendment

Plaintiff alleges that Defendant's conduct violated his Fourteenth Amendment Due Process rights. Plaintiff does not specify the basis for this claim.

The Due Process clause entitles prisoners to certain processes before they are subjected to administrative or disciplinary hearings and classifications. The Due Process Clause also protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Plaintiff's allegations do not involve the loss of either liberty or property. The Court is unable to discern any cognizable basis in Plaintiff's complaint for a due process claim. If Plaintiff chooses to amend, he must set forth facts to explain why he believes his due process rights were violated.

### F. State Law Negligence

Plaintiff alleges Defendants were negligent in failing to hire a laundry supervisor for his facility.

Under California law, a public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). The elements of negligence under California law are: "(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 70 Cal. Rptr. 3d 519 (2008)).

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise

1  supplemental jurisdiction over a claim under subsection (a) if . . . the district court has
2  dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The
3  Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . .
4  the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383
5  U.S. 715, 726 (1966).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law negligence claim. Plaintiff may amend this claim, but if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law negligence claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

### G. California Regulations and Department Operations Manual

Plaintiff alleges Defendants violated the California Code of Regulations, the Department Operations Manual, and CSP-COR operating procedures. The existence of Title 15 regulations, an operations manual, and operating procedures governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under these authorities, and Plaintiff has provided none. Several district court decisions hold that there is no such right. See e.g., Vasquez v. Tate, No. 1:10-cv-1876-JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012).

Plaintiff may not bring an independent claim solely for violation of prison regulations or procedures.

### H. Declaratory Relief

In addition to damages, Plaintiff seeks declaratory relief. However, because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v.

Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Accordingly, his claim for declaratory relief will be dismissed.

### I.   Official Capacity Claims

Plaintiff names each defendant in their individual and official capacities.

"Official capacity" suits require that a policy or custom of the governmental entity is the moving force behind the violation. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Plaintiff has not alleged what custom or policy, if any, motivated Defendants' conduct. Additionally, Plaintiff cannot recover money damages from state officials in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Official capacity suits may seek only prospective relief. See Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010).

Because Plaintiff seeks only declaratory relief and damages (and his claim for declaratory relief is herein dismissed), his official capacity claims also must be dismissed.

### V.   CONCLUSION AND ORDER

Plaintiff's complaint does not state a claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

12

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed November 3, 2014;
2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Plaintiff shall file an amended complaint within thirty (30) days; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   March 27, 2015              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

13