1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TOMAS PEREZ,

          Plaintiff,

    v.

JEFFREY BEARD, et al.,

          Defendants.

CASE NO. 1:14-cv-01723-MJS (PC)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF No. 9)

AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS

## I.   PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 6.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 7.)  No other parties have appeared in the action.

On November 3, 2014, Plaintiff filed his Complaint.  (ECF No. 1.)  The Court dismissed the Complaint with leave to amend.  (ECF No. 8.)  Plaintiff's First Amended Complaint is now before the Court for screening.  (ECF No. 9.)

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   SUMMARY OF COMPLAINT

Plaintiff is incarcerated at California State Prison – Corcoran ("CSP-COR"), where the acts giving rise to his complaint occurred.  He names the following Defendants: (1) Connie Gipson, prior CSP-COR Warden, (2) D. Davey, current CSP-COR Warden, (3) Rawland K. Swift, Chief Deputy Warden of CSP-COR, (4) M. Fechner, CSP-COR Correctional Plant Manager II, (5) Refugio Gomez, CSP-COR Supervisor of Building Trades, and D.M. Singh, CSP-COR Correctional Business Manager I.

Plaintiff's allegations may be summarized essentially as follows:

From 2012 to 2014, Plaintiff's cell, in the Security Housing Unit ("SHU"), flooded when it rained.  This was prevalent in the second tier cells of the SHU.  It occurred approximately five to six times in Plaintiff's cell in 2012, approximately two times in 2013, and approximately three to four times in 2014.  The rain water contained roof particles and other contaminants.  Plaintiff had to use a towel to mop up the rain.  Staff passed out bars of soap for inmates to use to patch up holes in their cells.

Plaintiff asked staff to fix the roof, but either they failed to do so or they did so inadequately because the flooding continued.  Plaintiff was not provided protective gear to clean up the water himself or moved to a different cell.

The leaking roof placed Plaintiff's health at risk from exposure to the contaminated water and possible electrocution from water contact with the appliances and electronics in his cell.  Plaintiff's lymph nodes have become infected, and he suffered pain and anguish.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants knew of the leaking roof and failed to correct the issue or to move Plaintiff to different housing.  Plaintiff filed grievances regarding the issue and was informed that the roof in his building had been repaired and would eventually be replaced.  Defendant Swift reiterated this response at the second level of review.  At the third level of review, Defendant Fechner stated that the scheduled replacement of the roof is unknown.

Plaintiff seeks compensatory and punitive damages and costs for violations of his Eighth Amendment rights and Defendants' negligence.

## IV.   ANALYSIS

### A.   Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (*quoting Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"   *Id.*   Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.   *Id.*

### B.   Linkage & Supervisory Liability

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights.   *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).   In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*.   *Id.* at 691.   Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.   *Iqbal*, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to link any of the named Defendants to any of his claims.   He does not allege **facts** to show that any of them knew of, but disregarded, risks associated with the leaking roof.   It is not enough for Plaintiff to make bare allegations that the Defendants knew of the violations

Plaintiff does not allege any facts regarding Defendants Gipson and Davey.   Even if it is assumed that the Wardens' general responsibilities for oversight of the prison and its facilities are sufficient at the pleading stage to show circumstantially that the Wardens

had knowledge of the leaking roof, Plaintiff has failed to show any of them were deliberately indifferent to a serious risk of harm to Plaintiff for the reasons stated below.

Similarly, based on the exhibits attached to his First Amended Complaint, it appears that Defendants Gomez and Singh responded to his grievance at the first level of review, and Plaintiff alleges that Defendants Swift and Fechner were involved at the second and third levels of review.  However, Plaintiff does not allege how their responses to his grievance amount to a violation of his Eighth Amendment rights, and as discussed below, Plaintiff cannot state a claim for a violation of his Due Process rights based solely on the handling of his grievances.

Plaintiff was advised of this deficiency in the Court's prior screening order. Plaintiff added additional Defendants but still fails to allege facts linking any Defendants to the violation of his rights.  Plaintiff's failure to correct this deficiency is reasonably construed as an inability to do so.  Leave to amend would be futile and is denied.

C.     **Eighth Amendment**

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement."  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The question is "whether [Plaintiff] was deprived of the 'minimal civilized measure of life's necessities.'"  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting .  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

"[A] prison official may be held liable . . . for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.  To establish a violation of this duty, the prisoner must establish that prison

officials were "deliberately indifferent" to serious threats to the inmate's health or safety. *Id.* at 834. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* at 1057 (*quoting Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837; *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842.

As stated above, Plaintiff has failed to link any of the named Defendants to his claims. Accordingly, he has failed to establish that any named Defendant knew of, but disregarded a risk to Plaintiff's health or safety arising from the leaking roof.

Plaintiff has also not established that any of the Defendants were deliberately indifferent. He alleges no facts to suggest that either of the Wardens were aware of, but disregarded, any risks to Plaintiff arising from his housing in a flooded cell. Further, based on Plaintiff's exhibits and allegations, it appears that he would be unable to allege that Defendants Singh, Fechner, Gomez, and Swift disregarded the risks when all responded to his grievances by noting that repairs had and/or were going to be made. While Plaintiff alleges that the flooding occurred intermittently over a ten-year period, he only alleges that ten to twelve incidents occurred during the time period for which he is suing from 2012 to 2014. Such limited and infrequent occurrences do not necessarily amount to a sufficiently serious deprivation. *See*, *e.g.*, *Crane v. Yarborough*, 2012 U.S. Dist. LEXIS 43538, *26-27 (C.D. Cal. Feb. 6, 2012) (confinement in the rain for five hours not sufficiently serious to state an Eighth Amendment claim).

Lastly, Plaintiff does not name as defendants any of the correctional officers assigned to his housing unit, nor does he allege facts to suggest that those officers could have, but refused to, take steps to move Plaintiff to a dry cell or otherwise were deliberately indifferent to any risks to Plaintiff's health or safety.

Plaintiff will be given leave to amend this claim. If he chooses to do so, he must allege facts to support a finding of deliberate indifference. That is, he must specifically allege facts to indicate that particular defendants knew of, but disregarded, a risk to Plaintiff's health or safety.

### D.    Appeals Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  However, prisoners have no stand-alone due process rights related to the administrative grievance process.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Failing to properly process a grievance or denying a grievance does not constitute a due process violation.  *See, e.g.*, *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Williams v. Cate*, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff has not stated a cognizable due process claim against Defendants for their handling of his grievances.  Since no such rights exist relative to the administrative grievance process, leave to amend would be futile and is denied.

### E.    Failure to Train

A supervisor's failure to train subordinates may give rise to individual liability under § 1983 where the failure amounts to deliberate indifference to the rights of

persons with whom the subordinates are likely to come into contact.  *Canell v. Lightner*, 143 F.3d 1210, 1213-14 (9th Cir. 1998).  To impose liability under this theory, a plaintiff must demonstrate that the subordinate's training was inadequate, that the inadequate training was a deliberate choice on the part of the supervisor, and that it caused a constitutional violation.  *See id.* at 1214; *See also City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989); *Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001).

Plaintiff fails to identify which Defendants are the supervisory Defendants or allege facts that suggest these Defendants deliberately provided inadequate training, policies, and supervision for the purpose of creating a constitutional violation.  While Plaintiff did not allege a failure to train claim in his prior Complaint, the Court previously advised Plaintiff that amending his Complaint was not for the purpose of adding new claims.  Additionally, Plaintiff was previously advised of the requirement to plead specific facts related to each named Defendant and to link him/her to a specific constitutional violation.  Plaintiff's failure to plead specific facts related to this claim is reasonably construed as an inability to do so.  Leave to amend is denied as futile.

> ### F.    State Law Negligence Claim

"Under California law, [t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)."  *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (*quoting McGarry v. Sax*, 158 Cal.App.4th 983, 994 (Ct. App. 2008) (internal quotations omitted)).

Under the California Tort Claims Act ("CTCA"), Plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action.  Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v.*

*California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims.  *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240 (2004).

Plaintiff cannot base a negligence claim on the above allegations against Defendants because he has not demonstrated compliance with CTCA claim filing requirements.  Additionally, Plaintiff has not stated a valid federal claim against any Defendant.  Therefore, the Court will not exercise supplemental jurisdiction over his state law claim.  28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

Plaintiff will be given leave to amend. If he chooses to do so, he must allege a cognizable federal claim before the Court will consider any state law claim. He also must allege facts to demonstrate compliance with the CTCA.

## V.  CONCLUSION AND ORDER

Plaintiff's first amended complaint does not state a claim for relief. The Court will grant Plaintiff one last opportunity to file an amended complaint consistent with the foregoing. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. *Iqbal*, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting *Twombly*, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. *George*, 507 F.3d at 607. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his first amended complaint, filed April 20, 2015;

2. Plaintiff's first amended complaint (ECF No. 9) is DISMISSED for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   June 8, 2015          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28